77 F.3d 502
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Melvin R. LAMBERT, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 95-3673.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1995.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 The Department of Veterans Affairs (DVA) moves for summary affirmance of the decision of the Merit Systems Protection Board dismissing Melvin R. Lambert's appeal for lack of jurisdiction. Lambert has not responded.
 
 
 2
 Lambert, a probationary employee, was discharged for unacceptable performance and unacceptable conduct. He appealed to the Board, arguing that he was terminated because of his marital status. Specifically, Lambert contended that his termination was improper because his supervisor and his former girlfriend discussed the pending removal action and the former girlfriend told Lambert he was being terminated before the supervisor so informed Lambert. The Administrative Judge concluded that "[t]he bare assertions that the appellant's ex-girlfriend was told of his termination before he was and that she discussed it with his supervisor do not, even if true, support an allegation of marital status discrimination."
 
 
 3
 DVA maintains that summary affirmance is appropriate because (1) the Board did not err in dismissing Lambert's appeal for lack of jurisdiction, and (2) Lambert has failed to identify any Board error justifying reinstatement. A probationary employee has limited appeal rights of a removal action, and the Board may consider a probationary employee's appeal if he or she alleges that the removal was based on partisan political reasons or marital status. 5 C.F.R. § 315.806(b). In order to establish jurisdiction, a probationary employee must proffer sufficient evidence to show that partisan political reasons or marital status discrimination was the basis for the agency's action. Stokes v. Federal Aviation Admin., 761 F.2d 682, 685-86 (Fed.Cir.1985).
 
 
 4
 We agree with DVA that summary affirmance is proper in this case. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). A claim of marital status discrimination must allege that the employee was discriminated against because of the employee's status. Lambert's contention is not a such a marital status discrimination claim, see Stokes, 761 F.2d at 686, and mere pro forma pleading is not sufficient to carry the burden of establishing the Board's jurisdiction. Bante v. Merit Sys. Protection Bd., 966 F.2d 647, 649 (Fed.Cir.1992). Further, in response to the questions posed in his informal brief, e.g., whether the Board incorrectly decided or failed to take into account any facts, applied the wrong law, or failed to consider important grounds for relief, Lambert responded "no."
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) DVA's motion for summary affirmance is granted.
 
 
 7
 (2) Each side shall bear its own costs.